USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1090 UNITED STATES, Appellee, v. RANDY LAPLANTE, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ Before Selya, Cyr, and Boudin, Circuit Judges. ______________ ___________________ Martin D. Boudreau on brief for appellant __________________ Donald K. Stern, United States Attorney, and Mark W. _________________ ________ Pearlstein, Assistant United States Attorney, on brief for __________ appellee. __________________ July 15, 1994 __________________ Per Curiam. Defendant appeals the sentence ___________ imposed upon him following revocation of a term of supervised release. Defendant was initially sentenced to six months imprisonment and thirty-six months on supervised release following his guilty plea to one count of using a false social security number, in violation of 42 U.S.C. 408(a)(7)(B). Defendant conceded that shortly after his release from prison, he violated two special conditions of his supervised release. The district court granted the petition for revocation and resentenced defendant to a term of eleven months imprisonment, followed by twenty-four months on supervised release. Defendant's only argument on appeal is that the supervised release revocation provision ("SRR") of the Sentencing Reform Act of 1984, 18 U.S.C. 3583(e)(3), does not authorize the district court to impose a term of supervised release in conjunction with an additional prison term. This court recently considered, and rejected, an identical contention in United States v. O'Neil, 11 F.3d 292 _____________ ______ (1st Cir. 1993). We held in O'Neil, ______ [T]he SRR provision . . . permits a district court, upon revocation of a term of supervised release, to impose a prison sentence combining incarceration with a further term of supervised release, so long as (1) the incarcerative portion of the sentence does not exceed the time limit specified in the SRR provision itself, and (2) the combined length of the new prison sentence cum supervision term does ___ -2- not exceed the duration of the original term of supervised release. O'Neil, 11 F.3d at 302. ______ As defendant acknowledges, the sentence imposed by the district court here comports with O'Neil. The combined ______ limit of the three years matches the length of the original term of supervision, and the included eleven month prison term is well below the time limit of two years incarceration for the underlying Class D felony. Defendant urges, however, that the Supreme Court's opinion in United States v. Granderson, 114 S. Ct. 1259 ______________ __________ (1994), "has substantially undermined the reasoning and basis of O'Neil." We disagree. Granderson involved the statutory ______ __________ interpretation of a different section of the Sentencing Reform Act, the probation revocation section. See 18 U.S.C. ___ 3565. The interpretive issue in Granderson was the meaning __________ of the benchmark term "original sentence," as used in the provision requiring imposition of a sentence of "not less than one-third of the original sentence," when a probationer is found in possession of illegal drugs. 18 U.S.C. 3565(a). Granderson did not address the O'Neil question -- __________ ______ the power of a sentencing court to impose combined sentences -- but focused on the correct measure of the length of a sentence to be imposed. Granderson and O'Neil thus _ __________ ______ involved different substantive and interpretive issues, discrete texts, statutory structures, and histories. See ___ -3- Granderson, 114 S. Ct. at 1266 (stating that different __________ functions of supervised release and probation weigh heavily against an in pari materia reading of the separately worded ________________ revocation provisions); O'Neil, 11 F.3d at 298-300 (tracing ______ differences in the design of the current sentencing regime to historical differences between probation and parole). The differences which defendant observes in the two opinions are a function of the lack of common issues, not of differences in analytic method or statutory construction. As the dispositive issue on appeal has been recently and authoritatively decided by a panel of this court, and no other substantial question is presented, the decision below is summarily affirmed. See Loc. R. 27.1. ________ ___ -4-